**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MATTHEW WAYNE FREEZE, | § | |
| (TDCJ-CID #1138727) | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-05-1375 |
| | § | |
| DOUGLAS DRETKE, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

Matthew Wayne Freeze, a state prisoner, sued in April 2005, seeking a writ of mandamus against Douglas Dretke, Director of the Texas Department of Criminal Justice - Correctional Institutions Division. Freeze seeks an order compelling the respondent to transfer him to federal custody.

The threshold issue is whether this court has jurisdiction to consider Freeze's petition.

**I.     Procedural History and Background**

On November 13, 2002, Freeze was convicted of aggravated robbery in the 36th Judicial District Court of Aransas County, Texas. (Cause Number A-02-5071-2-CR). On February 18, 2003, Freeze was convicted in the same court of burglary of a habitation. (Cause Number A-02-5156-CR). Freeze was sentenced to five-year terms of imprisonment, to be served concurrently.

On November 29, 2004, Freeze pleaded guilty to devising a scheme to defraud others using the United States Postal Service, in violation of 18 U.S.C. § 1341. On February 11, 2005, Freeze was sentenced to serve 57 months in the Bureau of Prisons and three years of supervised release.

Freeze was returned to state custody in April 2005. Freeze filed an appeal of his federal criminal conviction. He complains that the state prison does not allow him to communicate with his attorney by telephone and that the prison's law library does not have the federal materials he needs to prepare his appeal and postconvictions petitions. Freeze seeks to compel the respondent to transfer him to the Federal Detention Center in Houston. Freeze asks that he be allowed to remain in federal custody pending his appeal and postconviction proceedings.

**II.     Analysis**

Freeze asks this court to order the Texas prison officials to transfer Freeze to a federal penal facility. Such an order appears to be a writ of mandamus against a state officer. The only federal statute conferring authority to issue writs of mandamus is 28 U.S.C. § 1361. That statute specifically provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Dunn-McCampbell Royalty Interest, Inc.*, 112 F.3d at 1288 (quoting 28 U.S.C. § 1361). The respondent in this case, the Director of the TDCJ-CID, is not a federal officer, agent, or employee and is not subject to

the statutory mandamus authority of this court. This court lacks jurisdiction to grant Freeze's request for mandamus relief.

**III.    Conclusion**

Freeze's petition for a writ of mandamus is DENIED. Freeze's application for leave to proceed *in forma pauperis,* (Docket Entry No. 2), is GRANTED. Any and all remaining pending motions are DENIED as moot.

SIGNED on July 8, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge